**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-01717-REB

ANITA JEAN LUMPKIN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[1] filed June 19, 2014, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiff alleges that she is disabled as a result of pulmonary embolism, asthma, chronic obstructive pulmonary disease ("COPD"), coronary artery disease, esophageal reflux, morid obesity, diabetes mellitus type II, hypertension, hyperlipidemia, thoracic strain, lumbago, lumbar radiculopathy, and blindness in her left eye. After her

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

application for supplemental security income benefits was denied,[2] plaintiff requested a hearing before an administrative law judge.  This hearing was held on August 17, 2012.  At the time of the hearing, plaintiff was 48 years old.  She has a high school education and past relevant work experience as a certified nurse assistant.  She has not engaged in substantial gainful activity since October 12, 2010, the date of her application for benefits.

The ALJ found that plaintiff was not disabled and therefore not entitled to supplemental security income benefits.  Although the evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.[3]  The ALJ found that plaintiff had the residual functional capacity to perform a reduced range of sedentary work with various postural and environmental restrictions.  Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national and local economies that she could perform.  He therefore found plaintiff not disabled at step 5 of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

---

[2] Initially, plaintiff also filed an application for disability insurance benefits under Title II.  However, at the hearing, she amended her alleged onset date to October 12, 2012, which was after the date her disability insured status expired.  Plaintiff thus withdrew her request for a hearing as to the Title II application.  (*See* Tr. 72.)  No error attributable to the ALJ's decision to dismiss the request for hearing of that application is asserted in this appeal.

[3] Plaintiff also alleged a mental impairment, which the ALJ found to be non-severe.  Plaintiff does not challenge that determination in this appeal.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(c).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater***, 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

      4.      If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

      5.      If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 416.920(a)(4)(i)-(v). *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

      Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla, but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."

***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

### III.  LEGAL ANALYSIS

Plaintiff claims the ALJ erred in (1) assessing her ability to perform the sitting requirements of sedentary work; (2) failing to articulate his reasons for discrediting her subjective reports of her limitations; (3) neglecting to consider the opinion of a consultative examiner; and (4) concluding that the alternative jobs identified at step 5 of the sequential evaluation were compatible with plaintiff's residual functional capacity. Finding no such error in the ALJ's decision, I affirm.

Plaintiff asserts first that the ALJ failed to affirmatively link his finding that plaintiff could sit for no more than 45 minutes at one time to the medical evidence in the record. This argument evidences a profound misunderstanding of the nature of the residual functional capacity assessment.  "Although the ALJ's determination must be grounded in some medical evidence, it ultimately is an administrative determination reserved to the Commissioner."  ***Zagorianakos v. Colvin***, – F.Supp.3d –, 2015 WL 994841 at *6 n.10 (D. Colo. Feb. 25, 2015) (internal citations omitted).  ***See also*** 20 C.F.R. § 416.946; ***Rutledge v. Apfel***, 230 F.3d 1172, 1175 (10th Cir. 2000).  Because the decision thus is an administrative, not a medical, determination, the ALJ is "not required to adopt or rely on any medical source opinion in making [his] residual functional

capacity assessment[.]" **Moses v. Astrue**, 2012 WL 1326672 at *4 (D. Colo April 17, 2012). Instead, residual functional capacity is assessed "based on all of the relevant medical and other evidence," 20 C.F.R. § 416.945(a)(3), "including medical records, observations of treating physicians and others, and plaintiff's own description of [her] limitations," **Noble v. Callahan**, 978 F.Supp. 980, 987 (D. Kan. 1997).

Such is precisely the nature of the ALJ's residual functional capacity assessment here. The ALJ was faced with a number of different opinions as to plaintiff's functional capacity. The consultative examiner, Thurman Hodge, D.O., opined plaintiff could sit for eight hours a day (Tr. 398), and the state agency physician, Dr. Paul Barrett, suggested she could sit for at least six hours a day (Tr. 134). Plaintiff herself testified she could sit for no more than 30 minutes at a time before needing to stand (Tr. 100), but conceded she could perform a job that required her to be seated all day if it did not involve rapid or repetitive movements which would exacerbate her respiratory symptoms (Tr. 99). No treating source had ever expressed an opinion as to whether plaintiff was limited in her ability to sit. Given these conflicts in the evidence, the ALJ was well within his purview in fashioning a residual functional capacity that contemplated the ability to stand at 45-minute intervals.[4] **Reyes v. Bowen**, 845 F.2d 242, 245 (10th Cir. 1988) (conflicts in the evidence are for the ALJ to resolve). Nothing in that determination constitutes error.

---

[4] Plaintiff also claims confusion as to whether this restriction is compatible with the general requirement that sedentary work involves at least six hours of sitting in a day. Of course, the ALJ's determination that plaintiff had the residual functional capacity for less than the full range of sedentary work renders the general requirements of the statutory definition irrelevant. Moreover, it is clear from the imposition of a further restriction to no more than one hour of standing and walking that the ALJ conceived of plaintiff's residual functional capacity as including the ability to sit for the majority of the workday.

Next, plaintiff suggests that the ALJ failed to adequately substantiate his determination that her subjective complaints regarding her limitations were not credible. In general, "credibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." **White v. Barnhart**, 287 F.3d 903, 909 (10th Cir. 2001) (citing **Kepler v. Chater**, 68 F.3d 387, 390-91 (10th Cir. 1995)). Contrary to plaintiff's argument, there is no formulaic analysis required to satisfy this burden. **Qualls v. Apfel**, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ here gave clear, specific, legitimate reasons linked to specific evidence in the record for his credibility assessment. These included the relatively mild medical findings, plaintiff's failure to comply with treatment recommendations – particularly her continued smoking despite numerous, allegedly debilitating, respiratory and pulmonary impairments – routine and conservative treatment for her back pain, evidence that she may have exaggerated her symptoms and engaged in drug-seeking behavior, and her relatively normal activities of daily living. (Tr. 78-82.) His findings in this regard find support in the record, and his determination therefore is entitled to substantial deference. **White**, 287 F.3d at 910; **see also Qualls v. Apfel**, 206 F.3d 1368, 1372 (10th Cir. 2000). Although plaintiff points to other evidence which purportedly contradicts the ALJ's assessment, I am neither empowered nor inclined to reweigh the evidence in the manner she requests. **See Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993). **See also Reyes**, 845 F.2d at 245 (10th Cir. 1988). Accordingly, I find no reversible error on this basis.

Although plaintiff further complains of the ALJ's failure to discuss the opinion of

consultative examiner Dr. Julia Garcia (*see* Tr. 618-623), she neglects to acknowledge that Dr. Garcia's opinion was rendered in August 2006, more than four years prior to her alleged date of onset.[5] Although the ALJ may consider a doctor's allegations of a claimant's medical condition from previously adjudicated periods as relevant to the claimant's medical history, *see Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004), it is unclear how consideration of Dr. Garcia's opinion would change the ALJ's determination.  Dr. Garcia did not suggest any particular functional restrictions on plaintiff's functional abilities.  Moreover, her vague, generalized statement to the effect that plaintiff's COPD "greatly limits her ability to perform any kind of activities" (Tr. 618) encroaches on the Commissioner's prerogative to determine plaintiff's residual functional capacity, 20 C.F.R. § 416.946; *Rutledge*, 230 F.3d at 1175.  I thus find that if there were any error in this regard, it undoubtedly was harmless and therefore does not warrant remand.  *See Bernal v. Bowen*, 851 F.2d 297, 302 (10th Cir. 1988) (where ALJ's opinion is otherwise amply supported by the record, error which does not prejudice claimant will not warrant remand).

Finally, plaintiff perceives error at step 5 of the sequential evaluation insofar as the ALJ found that she could stand and walk for no more than an hour a day, whereas

---

[5] In addition, plaintiff's citation to the standards governing treating source opinions are inapposite. Dr. Garcia was not a treating source, but merely performed a one-time consultative examination in connection with an early application for benefits.  Her opinion therefore is not one that would be entitled to controlling weight in any event.  *See* 20 C.F.R. § 416.927(c)(2) (explaining when treating source opinion entitled to controlling weight); *id.* § 416.902 ("Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you.  The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.").  *See also Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (consultative examiners' opinions are not entitled to any "special degree of deference").

the statutory definition of sedentary work contemplates the ability to stand or walk up to two hours a day.  *See* **Social Security Ruling** 96-9p, 1996 WL 374185 at *3 (SSA July 2, 1996).  Here again, however, plaintiff has failed to grasp the crucial distinction between the regulatory definition – which describes the full range of sedentary work – and the ALJ's residual functional capacity assessment – which explicitly found plaintiff capable of less than the full range of sedentary work.  (*See* Tr. 84.)  The vocational expert's testimony that a person with that reduced residual functional capacity could perform the alternative jobs ultimately relied on by the ALJ in his decision provides substantial evidence in support of the disability decision.  (*See* Tr. 105-107.)  Thus, remand is not warranted on this basis either.

## IV.  ORDERS

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated June 17, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge